IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CELGARD LLC, <br><br> Plaintiff, <br><br> v. <br><br> MTI CORPORATION, <br><br> Defendant. | Civil Action No.: 3:18-cv-00656-RJC-DSC |

**ORDER**

**THIS MATTER** is before the Court on "Plaintiff's Motion for Leave to Take Early Discovery …" (document #18), Defendant's "Motion to Change Venue; Motion to Dismiss for Lack of Personal Jurisdiction" (document #11), and the parties' briefs and submissions.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). When diversity of citizenship is disputed, the Court may order discovery directed at jurisdictional issues alone. See e.g., 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp., No. 5:14-CV-310-F, 2015 WL 2408273, at *1 (E.D.N.C. May 20, 2015) (noting that after case was removed "on the basis of diversity jurisdiction, … the parties engaged in jurisdictional discovery"); Indiantown Cogeneration, L.P. v. Century Coal, LLC, Civ. A. No. 3:09CV398, 2011 WL 3682778, at *1 (W.D.N.C. Aug. 23, 2011) (granting plaintiff's motion to remand and stating that "Indiantown contends that Century's Notice of Removal and subsequent jurisdictional discovery fail to establish complete diversity"); Sun Yung Lee v. Clarendon, 453 F. App'x 270, 273 (4th Cir. 2011) (noting that parties engaged in jurisdictional discovery prior to "consideration of Lee's

motion to remand"); see also SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that Plaintiff is entitled to conduct limited discovery pertaining to jurisdiction and venue as outlined below. The relevant facts are disputed here, but should be easily clarified with limited discovery. Accordingly, the Court will grant "Plaintiff's Motion for Leave to Take Early Discovery …" (document #18) and deny administratively Defendant's "Motion to Change Venue; Motion to Dismiss for Lack of Personal Jurisdiction" (document #11) without prejudice to being renewed following completion of limited discovery.

**IT IS HEREBY ORDERED** that:

1. "Plaintiff's Motion for Leave to Take Early Discovery …" (document #18) is **GRANTED**. The parties shall conduct limited discovery with a deadline of June 14, 2019. Plaintiff may serve up to six interrogatories and ten requests for production and conduct three depositions (including one Rule 30(b)(6) deposition), all limited to the issues raised in Defendant's Motion to Dismiss.

2. Defendant's "Motion to Change Venue; Motion to Dismiss for Lack of Personal Jurisdiction" (document #11) is **DENIED ADMINISTRATIVELY WITHOUT PREJUDICE** to its right to renew the Motion following completion of the limited discovery.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: April 8, 2019

David S. Cayer
United States Magistrate Judge